STATE ex rel. OKLAHOMA BAR ASSOCIATION v. DARLEY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. DARLEY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. DARLEY
2019 OK 42
Case Number: SCBD-6802
Decided: 06/10/2019
IN THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 42, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 Upon consideration of (1) Respondent's Affidavit, prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, (RGDP), 5 O.S. 2011, Ch. 1, App. 1-A, in which Respondent, Lon Jackson Darley III, requests that he be allowed to relinquish his license to practice law and to resign from membership in the Oklahoma Bar Association, and (2) Complainant's Application for Order Approving Resignation,
¶2 THE COURT FINDS AND HOLDS:
¶3 During the pendency of disciplinary proceedings against him, Lon Jackson Darley III offered, on May 21, 2019, to surrender his license to practice law and to resign from Bar membership.
¶4 Respondent's affidavit of resignation reflects that: (a) his resignation was freely and voluntarily made; (b) he was not subject to coercion or duress; and (c) he is fully aware of the legal consequences of submitting his resignation.
¶5 The affidavit of resignation states Respondent's awareness that the Oklahoma Bar Association has investigated the following grievances, which suffice as a basis for discipline:
¶6 Grievance by Lant Gallup: The grievance alleges that the Respondent was entrusted with funds belonging to a client, Lant Gallup. Specifically $75,611.55 was supposed to be held in the Respondent's attorney trust account (IOLTA) on behalf of the client. The money was to be disbursed to the client by installments. The grievance alleges that the Respondent did not account for approximately $28,000.00 belonging to the client. The Respondent improperly transferred some of the funds to his operating account and comingled it with other funds. The client alleges the Respondent owes him $28,441.00.
¶7 Grievance by Lee Loggins: The allegations are that the Respondent was retained to represent Lee Loggins in various matters, some of which were criminal cases, and also a foreclosure action. The Respondent entered an appearance in October 2018 in the Oklahoma County foreclosure case, CJ-2018-3276. It is further alleged that he did not file any pleadings and made no further court appearances in the case. The case was concluded by summary judgment entered February 2019 against Lee Loggins, et al.
¶8 Respondent is aware that, if proven, these grievances would constitute violations of Rules 1.1 (Competence), 1.15 (Safekeeping Property), 1.3 (Diligence), 1.4 (Communication), 8.4 (a) and (c), (Misconduct, Dishonesty, Fraud, Deceit or Misrepresentation), Oklahoma Rules of Professional Conduct, 5 O.S. 2011, Ch. 1, App. 3-A and Rules 1.3 (Discipline for Acts Contrary to Prescribed Standards of Conduct) and 5.2 (Investigations -- Failure to Timely Answer), RGDP; and Respondent's oath as a licensed Oklahoma lawyer.
¶9 Respondent waives any and all right to contest the allegations in a bar disciplinary proceeding.
¶10 Respondent states his awareness that a Rule 8.2 RGDP, resignation pending disciplinary proceedings may be either approved or disapproved by the Supreme Court of Oklahoma.
¶11 Respondent agrees to comply with RGDP Rule 9.1 within twenty days following the date his resignation was filed with this Court, May 28, 2019.
¶12 Respondent acknowledges and agrees that he may not apply for reinstatement of his legal license (and of his membership in the Bar) before the expiration of five years from the effective date of this order. The Respondent also acknowledges that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP.
¶13 Respondent acknowledges that his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made or to be made because of his actions, with applicable statutory interest, prior to the filing of any application for reinstatement.
¶14 Respondent must surrender his Oklahoma Bar Association membership card to the Office of the General Counsel, if he has not already done so.
¶15 Respondent must cooperate with the Office of the General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in any client case where fees or refunds are owed by Respondent.
¶16 Respondent acknowledges the Oklahoma Bar Association has incurred costs in the investigation and prosecution of this matter. The Bar Association has applied to this Court to assess costs in the amount of $1,317.26. The Respondent has agreed he is responsible for reimbursement of these costs.
¶17 Respondent's resignation during the pendency of disciplinary proceedings is in compliance with RGDP Rule 8.1.
¶18 Respondent's name and address appear on the official Bar roster as: Lon Jackson Darley III, O.B.A. No. 15415, 4528 N. Classen Blvd., Oklahoma City, OK 73118.
¶19 IT IS THEREFORE ORDERED THAT the resignation of Lon Jackson Darley III, tendered during the pendency of disciplinary proceedings be approved, and the resignation is deemed effective on the date it was executed and filed in this Court, May 28, 2019.
¶20 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the lapse of five years from the effective date of this order (May 28, 2019). Respondent shall comply with RGDP Rule 9.1.
¶21 IT IS FURTHER ORDERED that Complainant's request for reimbursement of costs is sustained. Respondent shall pay costs in the amount of $1,317.26 within thirty (30) days from the date of this order. Any consideration of any future Rule 11 petitions is conditioned upon such payment.
DONE BY ORDER OF THE SUPREME COURT THIS 10th DAY of JUNE, 2019.

/S/CHIEF JUSTICE
Concur -- Gurich , C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Colbert, Combs, JJ.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA